I.D. 06184818                                                                                                   File No. 3781

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | | |
|---|---|---|
| GARDEN CITY BOXING CLUB, INC., | ) | |
|     Plaintiff, | ) | |
| v. | ) | 07 C 6591 |
| RAYMUNDO RODRIGUEZ, individually and | ) | |
| d/b/a  MODELO CLUB HOUSE | ) | |
| RESTAURANT a/k/a COMIDA TIPICA | ) | Judge Kendall |
| MEXICANA and MODELO CLUB HOUSE | ) | |
| RESTAURANT a/k/a COMIDA TIPICA | ) | Magistrate Judge Cox |
| MEXICANA, | ) | |
|     Defendant. | ) | |

**BRIEF IN SUPPORT OF DAMAGES FOR WILLFUL VIOLATION**

*COMES NOW* the Plaintiff, GARDEN CITY BOXING CLUB, INC., a California corporation, by and through its attorneys, ZANE D. SMITH & ASSOCIATES, LTD., and in support of its Motion for Prove-Up and in support of damages for willful violations by RAYMUNDO RODRIGUEZ (Rodriguez), individually and MODELO CLUB HOUSE RESTAURANT a/k/a COMIDA TIPICA MEXICANA (Restaurant), states as follows:

    1.    That on November 21, 2007, the Plaintiff, GARDEN CITY BOXING CLUB, INC. (herein referred to as "GARDEN CITY"), filed the present cause of action with the Clerk of this Court;

    2.    That on December 18, 2007 the Defendants, RAYMUNDO RODRIGUEZ, individually and MODELO CLUB HOUSE RESTAURANT a/k/a COMIDA TIPICA MEXICANA were served with a copy of the Complaint and Summons;

    3.    That Defendant failed to Appear and Answer and on February 7, 2008, this Court found the defendants to be in default;

    4.    That this matter is brought pursuant to the Communications Act of 1934,

47 U.S.C. § 151 et seq. as amended by the Cable Communications Policy Act of 1984 (CCPA),

47 U.S.C. § 521 et seq and the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

    5.    The CCPA states in pertinent part:

(a)(1)  No Person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system unless authorized to do so by a cable or as may otherwise be specifically authorized by law.

...

(b)(3)  For purposes of all penalties and remedies established for violations of subsection (a)(1) of this section, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

...

(c)(3)(A)(ii) The party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just.

...

(c)(3)(B) In any case in which the court fined that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $50,000.

Cable Communications Policy Act of 1984, 47 U.S.C. § 553 (West 2008).

    6.    The Copyright Act states in pertinent part:

(e)(3)(C)(I) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;

...

(II)  the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

(ii)  In any case in which the court fines that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

Copyright Act of 1976, 17 U.S.C. § 605 (West 2008).

7. In this case, the investigator attested that Defendants had an advertisement in the window of Defendant Restaurant advertising the fight, and the picture shows the advertisement in Spanish, which translated into English states, "Modelo Club House, We invite you to watch the boxing match, Barrera v. Morales, Saturday, November 29.  Match starts at 8:00 p.m." (Affidavit of Investigator attached to Plaintiff's Motion for Prove Up, Exhibit "B"; Photograph attached hereto as Exhibit "A").

8. The Investigator further attests that there were three televisions displaying the fight.  (See photos of the fight displayed on the televisions attached hereto in Exhibit "A").

9. There were three (3) violations of the aforesaid provisions of the CCPA.

10. To be entitled to enhanced damages under the CCPA, the plaintiff must allege facts showing that the defendant profited in some way from the pirate decoding device beyond simply sitting by himself or with his family and friends around a television set in a dwelling using the illegal device to watch programs for which payment should have been made. *Comcast Cable Communications v. Adubato*, 367 F.Supp.2d 684, (D.N.J. 2005).

11. In this case, Defendant profited from the pirate decoding by advertising the event in order to increase the number of patrons of Defendant Restaurant, and broadcasting the pirated telecast on three television in Defendant Restaurant.

12. This is clearly more than watching the pirated telecast in Defendant Rodriguez's living room with his family, and the investigator attested to the fact that there were 96 people in Defendant Restaurant at the time of the violation.

13. Defendants clearly willfully violated the CCPA and the Copyright Act by

advertising the fight in the window of Defendant Restaurant, and displaying the fight on three televisions for commercial advantage or private financial gain to Defendants, and this Honorable Court should increase the amount of statutory damages for Defendants willful violations.

  14. That Plaintiff is therefore entitled to Five Hundred Ten Thousand and No/100 ($510,000.00) Dollars as Statutory liquidated damages.

  15. That Plaintiff is further entitled to Two Thousand Five Hundred Sixty Two and 50/100 ($2,562.50) Dollars for attorney's fees and costs; See Affidavit of Plaintiff's Counsel, Zane D. Smith, attached hereto and made a part hereof, marked "Plaintiff's Exhibit B."

  16. That Plaintiff is entitled to statutory damages, in the amount of $510,000.00 plus attorneys and fees and costs of $2,562.50 totaling $512,562.50.

  *WHEREFORE,* the Plaintiff, GARDEN CITY BOXING CLUB, INC., respectfully prays this Honorable Court for the entry of an Order in Plaintiff's favor and against the defendants, RAYMUNDO RODRIGUEZ, individually and MODELO CLUB HOUSE RESTAURANT a/k/a COMIDA TIPICA MEXICANA in the amount of amount of $512,562.50 and for such other relief as this Court deems just and right.

           Respectfully submitted,

          ZANE D. SMITH & ASSOCIATES, LTD.

         By: /s/ Andre Ordeanu
            Andre Ordeanu

ZANE D. SMITH & ASSOCIATES, LTD.
415 N. LaSalle Street - Suite 300
Chicago, Illinois 60610
Phone: 312 245-0031
Attorney I.D. 06184814

**CERTIFICATE OF SERVICE**

      I, Andre Ordeanu, on oath state that a true and correct copy of this Motion was electronically filed with the Clerk of the Court on March 27, 2008, using the CM/ECF system which will send notification of such filing(s) to all attorneys of record. Under the penalties of perjury, I certify that the above statements set forth herein are true and correct.

                                                /s/ Andre Ordeanu
                                                Andre Ordeanu

ZANE D. SMITH & ASSOCIATES, LTD.
415 N. LaSalle Street, Suite 300
Chicago, Illinois 60610
(312) 245-0031